IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KENDRICK PORTER,

    Petitioner,

vs.                                Case No. 4:11cv606-RH/WCS

WARDEN GUSTAVO MAZORRO,

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION

    Petitioner, proceeding pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, and motion to proceed in forma pauperis (IFP).  Docs. 1 and 2.  He was directed to pay the fee or show cause why he was unable to do so, and directed to show cause why the petition should not be summarily dismissed without prejudice for failure to exhaust state remedies.  Doc. 4 (incorporated herein by reference).  Petitioner paid the fee, and his IFP motion is denied as moot.

    The order noted that Petitioner's Fla.R.Crim.P. 3.850 motion was apparently still pending in the State Circuit Court, or if not there then on appeal.  This court may not grant habeas corpus relief unless available state court remedies have been exhausted,

or there is an absence of available state court remedies. § 2254(b)(1). Doc. 4, pp. 1-2. It was noted that if the Rule 3.850 motion was denied Petitioner would have to pursue an appeal in order to properly exhaust (and not procedurally default) state court remedies. *Id.*, p. 2 and n. 1. Petitioner was also advised that if claims were still pending in state court he could file a notice of voluntary dismissal, and advised of the one year time limit for filing a § 2254 petition. *Id.*, and n. 2. Specifically, he was advised that the one year limitations period for filing a § 2254 petition generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later date applies. § 2244(d)(1)(A)-(D). Further, "[t]he time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the time remaining of the one year period. § 2244(d)(2); Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). *Id.*, n. 2.[1]

Petitioner responds that he filed his Rule 3.850 motion four months after the judgment became final, it has been pending with no action, and he filed the § 2254 petition one month before the one year period would have expired. Doc. 6, p. 1. He claims that the state court is deliberately keeping his 3.850 motion pending in order to deny him the opportunity to appeal and fully exhaust state remedies. *Id.* He asserts

---

[1] So if Petitioner waited exactly four months after the judgment became final to file a Rule 3.850 motion, there are still eight months left of the one year period; and the eight months will begin to run when the time is no longer tolled under § 2244(d)(2).

Case No. 4:11cv606-RH/WCS

that he responded to the state court's order of September 14, 2011, on October 10, 2011, but still has "not received any notification pertaining to his reply even after inquiring to the clerk about the current status of the Fla.R.Crim.P. 3.850 motion, case no. 2008 CF-2563A1-3 and present status is unknown." *Id.*, pp. 1-2. He asks that the § 2254 petition remain pending while state remedies are exhausted. *Id.*, p. 2.

The order of September 14, 2011, is attached to the petition. The court struck the Rule 3.850 motion, and gave Petitioner 30 days to file an amended Rule 3.850 motion to sufficiently plead his claims. Doc. 1, attachment. Petitioner has not supplied a copy of his amended motion or any other response to that order, or a copy of any inquiry to the clerk about the status of his case. As long as a properly filed Rule 3.850 motion remains pending (and it remains pending through a timely appeal until the mandate issues), the one year limitations period is stayed by operation of § 2244(d)(2).

The § 2254 petition should therefore be dismissed without prejudice to refiling after state remedies have been exhausted. During the period for filing objections, if Petitioner determines that his Rule 3.850 motion is no longer pending,[2] he may seek reconsideration of this recommendation.

Section 2254 Rule 11(a) provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

---

[2] Since Petitioner claims he has not received an answer to his inquiry directed to the clerk, he should file a formal motion for case status in the state case, indicating his need to know the status of his Rule 3.850 motion in light of this federal petition.

filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).  There is no substantial showing of the denial of a constitutional right,§ 2253(c)(2), and it is recommended that the court deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed.R.App.P. 24(a)(3)(A) (before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

It is **ORDERED** that the IFP motion (doc. 2) be **DENIED AS MOOT** since the filing fee was paid.

It is further respectfully **RECOMMENDED** that this § 2254 proceeding be **SUMMARILY DISMISSED** without prejudice to refiling when Petitioner has exhausted available state court remedies, that a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida on March 13, 2012.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**